WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebone Leroy East, | No. CV-19-00168-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| CD Baby Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Ebone Leroy East's Motion for Preliminary Injunction (Doc. 13) and Motion for Default Judgment (Doc. 19), as well as Defendant's Motion to Dismiss for lack of jurisdiction (Doc. 14). Because a valid arbitration agreement exists between Plaintiff and Defendants, the Court will dismiss the lawsuit.

## BACKGROUND

In May 2012, Plaintiff Ebone East entered into an agreement with CD Baby, Inc. to distribute and sell his album, *King of Terror*. (Doc. 14, Ex. 1 ¶ 3). Mr. East previously entered into a similar agreement with CD Baby to distribute his 2006 album, *Block Runnas The Mix Tape*. (*Id.* ¶ 4).

Plaintiff commenced this action earlier this year by filing a complaint against CD Baby and various other corporate entities. (Doc. 1). In his complaint, he alleges that CD Baby fraudulently and negligently misrepresented the terms of their agreement, and that he is entitled to a large percentage of the total sales of his music through CD Baby. He seeks 100 million dollars in damages. But because Mr. East signed a valid arbitration agreement

with CD Baby that encompasses this dispute at issue here, the Court must dismiss this lawsuit.

**DISCUSSION**

**I.     Arbitration**

The Federal Arbitration Act ("FAA") broadly provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable" except upon grounds that exist at common law for the revocation of a contract. 9 U.S.C. § 2. Absent a valid contract defense, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id*.

The Agreement between Mr. East and CD Baby encompasses the dispute at issue in this case. The Agreement provides that "You and CD Baby . . . agree to arbitration . . . as the exclusive form of dispute resolution . . . for all disputes and claims arising out of or relating to this agreement or your use of the services." (Doc. 14, Ex. A, ¶ 19). The Agreement also provides that "[a]ll claims that you bring against CD Baby must be resolved in accordance with this Dispute Resolution section." (*Id*.).

Under the FAA's savings clause, "state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements." *Kilgore v. KeyBank Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Id*. California substantive law applies according to the terms of the Agreement. (Doc. 14-1 at 14).

Plaintiff argues that enforcing the agreement to arbitrate against him would be

unconscionable, because it was an adhesion contract and Plaintiff had no reasonable opportunity to negotiate.[1] Under California law, "a contract or clause is unenforceable if it is both procedurally and substantively unconscionable." *Ting v. AT&T*, 319 F.3d 1126 1147 (9th Cir. 2003). "To establish procedural unconscionability, Plaintiff must demonstrate that he was surprised by some aspect of the agreement, or that his consent to its terms was obtained under coercion or duress." *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 427 (N.D. Cal 2018). And to establish substantive unconscionability, Plaintiff must demonstrate that the contract term is "unduly harsh, oppressive, or one-sided." *Sanchez v. Carmax Auto Superstores Ca., LLC*, 224 Cal. App. 4th 398, 403 (2014). That an agreement was offered on a take-it-or-leave-it basis does not alone establish procedural unconscionability. *Lang*, 347 F. Supp. 3d at 428. Rather, "[o]nly when [the agreement's] provisions are unfair does it become unenforceable." *Dotson v. Amgen Inc.*, 181 Cal. App. 4th 975, (2010). Because Plaintiff does not claim that he was surprised by the agreement, or that he was "lied to, placed under duress, or otherwise manipulated into signing the arbitration agreement," there is minimal procedural unconscionability. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245, (2016) (finding minimal procedural unconscionability where contract of adhesion but no surprise, coercion or duress). And because Plaintiff does not challenge any specific aspect of the arbitration agreement as unfair, unduly harsh, or surprising, he has failed to establish unconscionability. *See Sanchez*, 224 Cal. App. 4th at 402–03.

## CONCLUSION

The Agreement at issue in this case requires that this dispute between Plaintiff and Defendants be resolved by an arbitration panel. The Court must therefore dismiss the complaint.

---

[1] Plaintiff further argues that the amount of damages he is seeking exceeds the permissible amount for arbitration proceedings. This argument lacks merit. Plaintiff mistakenly reads state laws which *require* arbitration for disputes *below* a certain amount in controversy to mean that there is an upper limit for arbitration proceedings. Plaintiff does not point to any laws that establish an upper limit for damages in arbitration proceedings. Absent language in the Agreement that establishes a monetary threshold for arbitration, the agreement to arbitrate is valid.

- 3 -

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for lack of jurisdiction (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 19) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

Dated this 7th day of June, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge